THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Sederick
 Antoine Talford, Appellant.
 
 
 

Appeal From York County
Howard P. King, Circuit Court Judge
Unpublished Opinion No. 2009-UP-387
Submitted June 1, 2009  Filed July 8,
 2009    
AFFIRMED

 
 
 
 Robert A. Muckenfuss, of Charlotte, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 Senior Assistant Attorney General Harold M. Coombs, Jr., all of
 Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.
 
 
 

PER CURIAM:  Sederick Antoine Talford was tried in absentia and convicted of simple possession of cocaine.  He appeals his
 conviction, arguing the trial court erred in denying his motion to suppress the
 cocaine because it was seized as the result of an unlawful detention.  We affirm pursuant to Rule 220(b), SCACR, and the following
 authorities:  State v. Forrester, 343 S.C. 637, 642, 541 S.E.2d
 837, 840 (2001) ("In most cases,
 '[m]aking a motion in limine to exclude evidence at the beginning of trial does
 not preserve an issue for review because a motion in limine is not a final
 determination.  The moving party, therefore, must make a contemporaneous
 objection when the evidence is introduced.'") (citation omitted); State
 v. Mitchell, 330 S.C. 189, 193 n.3, 498 S.E.2d 642, 644 n.3 (1998)
 ("We have consistently held a ruling in limine is not final, and unless an
 objection is made at the time the evidence is offered and a final ruling
 procured, the issue is not preserved for review.") (citation omitted); State v. King, 349 S.C.
 142, 149, 561 S.E.2d 640, 643 (Ct. App. 2002) (holding the issue of whether the
 trial court erred in admitting crack cocaine into evidence was not preserved
 for review when defense counsel moved in limine to suppress the drugs but
 failed to renew the motion when the drugs were actually admitted into
 evidence). 
AFFIRMED.[1]
HEARN, C.J., THOMAS and KONDUROS, JJ., concur

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.